PROB 22
(Rev 2/88)

**FILED**

U.N  MAR 1 1 2008
3-11-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE DOW

**TRANSFER OF JURISDICTION**

MAGISTRATE JUDGE NOLAN

**08CR  0163**

| DOCKET NUMBER (Tran. Court) |
| --- |
| 1:06CR00411-001 |

| DOCKET NUMBER (Rec. Court) |
| --- |

| NAME AND ADDRESS OF SUPERVISED RELEASEE | DISTRICT | DIVISION |
| --- | --- | --- |
| | WD/NY | Buffalo |
| Darrell Livingston | NAME OF SENTENCING JUDGE: Richard J. Arcara | |
| | DATES OF SUPERVISED RELEASE | FROM:12/13/07 TO: 12/12/10 |

OFFENSE: Knowingly Passing and Attempting to Pass Altered Obligations or Securities of the United States; in violation of Title 18, USC § 472.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___Western___ DISTRICT OF ___New York___

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___ND/IL___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.* Collection of restitution will be maintained by the sentencing district if the case is Joint and Several with other defendants.

Jan. 31, 2008
DATE

Richard J. Arcara
UNITED STATES DISTRICT JUDGE

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___Northern___ DISTRICT OF ___Illinois___

IT IS HEREBY ORDERED that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FEB 2 2 2008
EFFECTIVE DATE

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By _____
DEPUTY CLERK
U.S DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

DATE: __2-27-08__

James F. Holderman
UNITED STATES DISTRICT JUDGE

A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By _____
Clerk

Original Filed __2-5-08__

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
304 U.S. COURTHOUSE
68 COURT STREET
BUFFALO, NEW YORK 14202-3498
(716) 551-4211

3/6/08

*FILED*

MAR 11 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Clerk
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

RE: Transfer of Jurisdiction
06-CR-411

Dear Clerk:

Enclosed are certified copies of the Transfer of Jurisdiction of Darrell Livingston along with the docket sheet, Criminal Complaint, Information, Plea Agreement, Judgment and Amended Judgment from our file.

I appreciate your attention herein.

Very truly yours,

RODNEY C. EARLY, Clerk

By: S/ Jane D. Kellogg
Deputy Clerk

Enclosures



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**              312-435-5698
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

**MICHAEL W. DOBBINS**
CLERK



February 27, 2008

Mr. Rodney C. Early

Clerk

United States District Court

304 United States Courthouse

68 Court Street

Buffalo, NY 14202-3328

> **RECEIVED**
> MAR 0 3 2008
> **CLERK, USDC WDNY**

Dear Clerk:

**Re:   Case number   06cr411-1   US v Darrell Livingston**

Our case number: 08cr163  - Northern District of Illinois, Judge Dow

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Darrell Livingston, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

                         Sincerely,

                         Michael W. Dobbins

                         Clerk

              by:        Ellenore Duff

                         Ellenore Duff

                         Deputy Clerk

Enclosure

CLOSED_2007, VictimNotify

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: 1:06-cr-00411-RJA-1
### Internal Use Only

Case title: USA v. Livingston

Date Filed: 11/16/2006
Date Terminated: 03/16/2007

Assigned to: Hon. Richard J. Arcara

**Defendant (1)**

**Donte Livingston**
*TERMINATED: 03/16/2007*
*also known as*
Darrell Livingston
*TERMINATED: 03/16/2007*

represented by **Kimberly A. Schechter**
Federal Public Defender Office
300 Pearl Street
Suite 450
Buffalo, NY 14202
(716) 551-3341
Fax: 716-551-3346
Email: Kimberly_Schechter@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Public Defender
Appointment

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By _____
Deputy Clerk

**Pending Counts**

**Disposition**

Deft is committed to the custody of the
Bureau of Prisons to be imprisoned for
a term of 22 months; the cost of
incarceration fee is waived. Pursuant to
Title 18 U.S.C. Section 3664(n), if the
Deft is obligated to provide restitution
or a fine is owed and he receives
resources from any source, including
inheritance, settlement, insurance,
lawsuit or other judgment during a
period of incarceration, Deft shall be
required to apply the value of such
resources to any outstanding restitution
or fine. Upon release from
imprisonment, Deft shall be placed on
supervised release for a term of 3 years
with standard and special conditions.

PASSES COUNTERFEIT
OBLIGATIONS OR SECURITIES
18:472
(1)

Pursuant to 18 U.S.C. Section 3663A, it is ordered that the Deft make restitution to the victims in the amount of $5,800.00;restitution is due immediately; interest on the restitution is waived; restitution will be joint and several with Derrick Hendricks, Norbert Phillips and any other defendant(s) convicted in this case or any related case, who share the same victim(s) and losses; while incarcerated, if the Deft is non-Unicor or Unicor Grade 5, the Deft shall pay installments of $25.00 per quarter; if assigned Grades 1 through 4 in Unicor, the Deft shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. Section 3664(f)(2), while on supervised release, the Deft shall make monthly payments at the rate of 10% of monthly gross income. No fine. Deft to pay $100.00 mandatory assessment. Deft is remanded. The Court recommends that Deft be designated to a facility as close to Chicago as possible. The Court grants the Govt's motion to dismiss Complaint No. 06-m-2153.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                              **Disposition**

18:371.F Conspiracy to Defraud the
United States, 18:472.F Passes
Counterfeit Obligations or Securities,
18:473.F Deal in Counterfeit
Obligations or Securities

**Plaintiff**

**USA**                                       represented by **Trini E. Ross**
                                                             U.S. Attorney's Office
                                                             Federal Centre
                                                             138 Delaware Avenue
                                                             Buffalo, NY 14202
                                                             716-843-5805
                                                             Fax: 716-551-3052
                                                             Email: trini.e.ross@usdoj.gov
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/18/2006 | ❶ 1 | COMPLAINT as to Darrell Livingston (1), Derrick Hendricks (2). (JDK, ) [1:06-mj-02153-HBS] (Entered: 07/24/2006) |
| 07/18/2006 |  | (Court only) Arrest Warrant Issued by Hugh B. Scott in case as to Darrell Livingston, Derrick Hendricks. **This is a private entry.** (JDK, ) [1:06-mj-02153-HBS] (Entered: 07/24/2006) |
| 07/25/2006 | ❷2 | Petition and Order for Writ of Habeas Corpus ad Prosequendum . Signed by Judge H. Kenneth Schroeder Jr. on 7/21/06. (DLC) [1:06-mj-02153-HBS] (Entered: 07/27/2006) |
| 07/25/2006 | ❷ | Writ of Habeas Corpus ad Prosequendum Issued as to Darrell Livingston for July 27, 2006 @ 2:00 p.m. (DLC) [1:06-mj-02153-HBS] (Entered: 07/27/2006) |
| 07/27/2006 | ❷4 | Minute Entry for proceedings held before Judge Hugh B. Scott :Initial Appearance as to Darrell Livingston, Derrick Hendricks held on 7/27/2006. Defendants advised of charges and maximum penalties associated with conviction. Defendants informed of rights. Each deft sworn & qualified for court appt'd counsel. Attorney Appointment Hearing set for 7/31/2006 02:00 PM before Hon. Hugh B. Scott. Govt moves for detention. Detention Hearing set for 7/31/2006 02:00 PM before Hon. Hugh B. Scott. Time excluded; defendants to remain in federal custody. APPEAR - M. Grisanti, AUSA (LMK, ) [1:06-mj-02153-HBS] (Entered: 08/02/2006) |
| 07/31/2006 | ❷5 | Minute Entry for proceedings held before Judge Hugh B. Scott :Attorney Appointment Hearing as to Darrell Livingston, Derrick Hendricks held on 7/31/2006. MICHAEL BLOTNIK, ESQ. is present and will accept CJA assignment on behalf of Derrick Hendricks. KIMBERLY SCHECHTER, ESQ. accepts assignment for Darnell Livingson. Detention Hearing as to Darrell Livingston, Derrick Hendricks held on 7/31/2006. Government proceeds by proffer as to both defendants and continues motion for detention as to both defendants. Mr. Blotnik proceeds by proffer as to Hendricks. Ms. Schechter reserves the right to hearing if and when outstanding warrant is dealt with. Court finds that both defendants are a risk of flight and shall be detained. Defendants to remain in federal custody. Preliminary Examination set for 8/31/2006 |

| | | |
|---|---|---|
| | | 10:00 AM before Hon. Hugh B. Scott. Time excluded; Govt to submit speedy trial order. APPEAR - M. Grisanti, AUSA (for T. Ross); M. Blotnik, Esq.; K. Schechter, Esq.; T. Blackman/L. Cullen, USPO (LMK, ) [1:06-mj-02153-HBS] (Entered: 08/07/2006) |
| 07/31/2006 | | (Court only) Attorney update in case as to Darrell Livingston, Derrick Hendricks. Attorney Michael M. Blotnik for Derrick Hendricks, Kimberly A. Schechter for Darrell Livingston added., ***Excludable started as to Darrell Livingston, Derrick Hendricks: (LMK, ) [1:06-mj-02153-HBS] (Entered: 08/07/2006) |
| 08/16/2006 | ❂6 | ORDER TO CONTINUE - Ends of Justice as to Darrell Livingston, Derrick Hendricks Time excluded from 7/27/06 until 7/31/06. . Signed by Judge Hugh B. Scott on 8/16/06. (LMK, ) [1:06-mj-02153-HBS] (Entered: 09/06/2006) |
| 08/31/2006 | ❂7 | Minute Entry for proceedings held before Judge Hugh B. Scott :Pretrial Conference as to Darrell Livingston, Derrick Hendricks held on 8/31/2006. Govt has provided extensive discovery. Some video tapes need to be reviewed. Meetings need to occur. Parties will also explore preindictment disposition. Preliminary Examination set for 9/27/2006 10:00 AM before Hon. Hugh B. Scott. Time excluded; Govt to submit speedy trial order. APPEAR - J P Kennedy, AUSA (T Ross); M. Blotnik, Esq.; K. Schechter, Esq. (LMK, ) [1:06-mj-02153-HBS] (Entered: 09/19/2006) |
| 09/08/2006 | ❂8 | ORDER TO CONTINUE - Ends of Justice as to Darrell Livingston, Derrick Hendricks Time excluded from 8/31/06 until 9/27/06. . Signed by Judge Hugh B. Scott on 9/8/06. (LMK, ) [1:06-mj-02153-HBS] (Entered: 09/19/2006) |
| 09/27/2006 | ❂10 | Minute Entry for proceedings held before Judge Hugh B. Scott :Pretrial Conference as to Darrell Livingston, Derrick Hendricks held on 9/27/2006, Time Excluded from 9/27/06 - 10/17/06, Govt to submit speedy trial order. Govt has tendered proposed plea offers for both defendants. Counsel need to review agreements with their clients. Judge assignment needed. Preliminary Examination set for 10/17/2006 10:00 AM before Hon. Hugh B. Scott. APPEAR - T. Ross, AUSA; K. Schechter, Esq.; M. Blotnik, Esq. (LMK, ) [1:06-mj-02153-HBS] (Entered: 10/11/2006) |
| 10/17/2006 | ❂11 | Minute Entry for proceedings held before Judge Hugh B. Scott :Status Conference as to Darrell Livingston held on 10/17/2006, Time Excluded as to Darrell Livingston from 10/17/06 - 11/22/06, Govt to submit speedy trial order. Govt has tendered proposed plea; change of plea hearing to be scheduled before Judge Arcara. Status Conference set for 11/22/2006 02:00 PM before Hon. Hugh B. Scott. APPEAR - Trini Ross, AUSA; T. Hoover, Esq. (KS) (LMK, ) [1:06-mj-02153-HBS] (Entered: 10/18/2006) |
| 11/14/2006 | ❂12 | ORDER TO CONTINUE - Ends of Justice as to Darrell Livingston, Derrick Hendricks Time excluded from 9/27/06 until 10/17/06. . Signed by Judge Hugh B. Scott on 11/13/06. (LMK, ) [1:06-mj-02153-HBS] |

| | | (Entered: 11/14/2006) |
|---|---|---|
| 11/16/2006 | ◑13 | WAIVER OF INDICTMENT by Darrell Livingston (JDK, ) (Entered: 11/24/2006) |
| 11/16/2006 | ◑14 | INFORMATION as to Darrell Livingston (1) count(s) 1. (JDK, ) (Entered: 11/24/2006) |
| 11/16/2006 | ◑15 | PLEA AGREEMENT as to Darrell Livingston (JDK, ) (Entered: 11/24/2006) |
| 11/16/2006 | | (Court only) ***Set/Clear Flags as to Darrell Livingston (JDK, ) (Entered: 11/24/2006) |
| 11/16/2006 | ◑ | Minute Entry for proceedings held 11/16/2006 before Judge Richard J. Arcara as to Deft Darrell Livingston (1). Waiver of Indictment and Plea proceeding is held. Deft waives Indictment and pleads guilty to a one-count Information. Sentencing set for 3/20/2007 at 12:30 PM. Deft is remanded to custody of U.S. Marshal pending sentencing. The following schedule is established for the submission of sentencing papers: initial presentence report due by 2/2/2007; statement of parties with respect to sentencing factors, objections and motions due by 2/23/2007; responses to objections or motions due by 3/6/2007; final presentence report due by 3/13/2007; sentencing memorandum and/or letters in support of the Deft due by 3/13/2007. Appearances: Govt - Trini Ross; Deft - Kimberly Schechter; USPO - No appearance.(Court Reporter Yvonne Garrison.) (DJD, ) (Entered: 11/25/2006) |
| 01/11/2007 | ◑16 | Arrest Warrant Returned Executed on 7/27/06. in case as to Darrell Livingston. (JDK, ) (Entered: 01/11/2007) |
| 02/08/2007 | ◑17 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Darrell Livingston (Ross, Trini) (Entered: 02/08/2007) |
| 02/21/2007 | ◑18 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Darrell Livingston (Schechter, Kimberly) (Entered: 02/21/2007) |
| 03/07/2007 | ◑ | Minute Entry for proceedings held 3/7/2007 before Judge Richard J. Arcara as to Deft Donte Livingston, a/k/a Darrell Livingston (1), Count (s) 1. Deft informs the Court that his true name is Donte Livingston. The Court orders that the caption in this matter be changed to reflect that Deft's name is Donte Livingston, a/k/a Darrell Livingston. Sentencing is held. The Court accepts the terms and conditions of the plea agreement and the plea of guilty. The Presentence Investigation Report is placed in the record under seal. If an appeal is filed, counsel on appeal will be permitted access to the sealed report, except that counsel on appeal will not be permitted access to the recommendation section.Deft is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 22 months; the cost of incarceration fee is waived. Pursuant to Title 18 U.S.C. Section 3664(n), if the Deft is obligated to provide restitution or a fine is owed and he receives resources from any source, including inheritance, settlement, insurance, lawsuit or other judgment during a period of incarceration, Deft shall be required to apply the value of such |

| | | |
|---|---|---|
| | | resources to any outstanding restitution or fine. Upon release from imprisonment, Deft shall be placed on supervised release for a term of 3 years with standard and special conditions. Pursuant to 18 U.S.C. Section 3663A, it is ordered that the Deft make restitution to the victims in the amount of $5,800.00;restitution is due immediately; interest on the restitution is waived; restitution will be joint and several with Derrick Hendricks, Norbert Phillips and any other defendant(s) convicted in this case or any related case, who share the same victim(s) and losses; while incarcerated, if the Deft is non-Unicor or Unicor Grade 5, the Deft shall pay installments of $25.00 per quarter; if assigned Grades 1 through 4 in Unicor, the Deft shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. Section 3664(f)(2), while on supervised release, the Deft shall make monthly payments at the rate of 10% of monthly gross income. No fine. Deft to pay $100.00 mandatory assessment. Deft is remanded. The Court recommends that Deft be designated to a facility as close to Chicago as possible. The Court grants the Govt's motion to dismiss Complaint No. 06-m-2153. Appearances: Govt - Trini Ross; Deft - Kimberly Schechter; USPO - Diane Root (Court Reporter Yvonne Garrison.) (DJD, ) (Entered: 03/20/2007) |
| 03/08/2007 | ❶19 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Darrell Livingston (JDK, ) (Entered: 03/08/2007) |
| 03/15/2007 | ❶20 | ORDER to change case caption as to Darrell Livingston . Signed by Judge Richard J. Arcara on 3/14/2007. (Baker, J.) (Entered: 03/15/2007) |
| 03/16/2007 | ❶21 | JUDGMENT as to Donte Livingston (1), Additional certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department. . Signed by Judge Richard J. Arcara on 3/7/07. (JDK, ) (Entered: 03/20/2007) |
| 03/16/2007 | | (Court only) ***Case Terminated., ***Set/Clear Flags as to Donte Livingston (JDK, ) (Entered: 03/20/2007) |
| 06/06/2007 | ❶22 | MOTION for Downward Departure by USA as to Donte Livingston. (Ross, Trini) (Entered: 06/06/2007) |
| 06/27/2007 | ❶ | NOTICE OF RESENTENCING as to Deft, Donte Livingston. Resentencing is set for 7/9/2007 at 01:00 PM before Hon. Richard J. Arcara as to 22 Govt's Rule 35(b) MOTION for Downward Departure. (DJD) (Entered: 06/27/2007) |
| 07/09/2007 | ❶ | Minute Entry for proceedings held 7/9/2007 before Hon. Richard J. Arcara as to Deft Donte Livingston, a/k/a Darrell Livingston. Re-sentencing is held pursuant to 22 Govt's Rule 35(b) Motion. Deft is not present for the re-sentencing as Deft is in the custody of the Bureau of Prisons; Deft waived his right to be present for the proceedings. The Court grants the Govt's 35(b) MOTION which seeks an additional 1-level downward departure to a total offense level of 8, such that Deft's sentencing range for imprisonment is 18 to 24 months. Deft is re-sentenced to the custody of the Bureau of Prisons for 18 months |

|  |  |  |
|---|---|---|
|  |  | incarceration; the cost of incarceration fee is waived. Upon release from imprisonment, Deft to be placed on supervised release for a term of 3 years with standard and special conditions. Pursuant to 18 U.S.C. Section 3663A, it is ordered that the Deft make restitution to the victims in the amount of $5,800.00; the restitution is due immediately; interest on the restitution is waived; restitution will be joint and several with Derrick Hendricks and Norbert Phillips and any other defendant(s) convicted in this case or any related case, who share the same victim(s) and losses; while incarcerated, if the Deft is non-Unicor or Unicor Grade 5, the Deft shall pay installments of $25.00 per quarter; if assigned Grades 1 through 4 in Unicor, the Deft shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. Section 3664(f)(2), while on supervised release, the Deft shall make monthly payments at the rate of 10% of monthly gross income. No fine. Deft to pay $100.00 mandatory assessment as previously imposed. Deft is remanded (Deft waived his right to be present in Court). The Court recommends that Deft be designated to a facility as close to Chicago as possible. Appearances: Government - Trini Ross; Deft - Kimberly Schechter; USPO - Diane Root.(Court Reporter Yvonne Garrison.)(DJD) (Entered: 07/19/2007) |
| 07/10/2007 | 23 | Sealed Document as toDonte Livingston. (JDK) (Entered: 07/11/2007) |
| 07/20/2007 | 24 | AMENDED JUDGMENT as to Donte Livingston Additional certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department.. Signed by Judge Richard J. Arcara on 7/19/07. (JDK) (Entered: 07/20/2007) |
| 03/05/2008 | 25 | Probation Jurisdiction Transferred to Northern District of Illinois as to Donte Livingston Transmitted Transfer of Jurisdiction form, with certified copies of criminal complaint, information, plea agreement, judgment, amended judgment and docket sheet. (JDK) (Entered: 03/05/2008) |

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

__WESTERN__    **DISTRICT OF**    __NEW YORK__

UNITED STATES OF AMERICA

v.

DARRELL LIVINGSTON and
DERRICK HENDRICKS,

Defendants.

**CRIMINAL COMPLAINT**

CASE NUMBER: 06-M- 2153

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about July 10, 2006, in Erie County, in the Western District of New York, the defendants did knowingly pass and attempt to pass a forged or altered obligation or security of the United States and did knowingly transfer and deliver a false or altered obligation or security of the United States;

in violation of Title 18, United States Code, Sections 371, 472 and 473. I further state that I am a Special Agent of the United States Secret Service and that this complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

7/18/06

Continued on the attached sheet and made a part hereof:    (✔) Yes    (  ) No

ATTEST A TRUE COPY
U.S. DISTRICT COURT W/D/NY
RODNEY C. EARLY, CLERK

By _____
           Clerk

Original Filed __7-18-06__

CINDY C. MAJEWSKI, Special Agent
United States Secret Service

Sworn to before me and subscribed in my presence,

July 18 , 2006                                    at    Buffalo, New York
Date                                                        City and State

HONORABLE HUGH B. SCOTT
United States Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT

State of New York }
County of Erie     } SS:
City of Buffalo    }

**CINDY C. MAJEWSKI**, being duly sworn, deposes and says as follows:

1.    I am a Special Agent of the United States Secret Service ("Secret Service") and have been for approximately four years.  As part of my duties as a Secret Service agent, I am authorized to investigate crimes involving counterfeit currency.

2.    I make this affidavit in support of a Criminal Complaint charging DARRELL LIVINGSTON ("LIVINGSTON") and DERRICK HENDRICKS ("HENDRICKS") with violating Title 18, United States Code, Section 472 by passing or attempting to pass counterfeit currency; Section 473 by unlawfully exchanging, transferring and delivering counterfeit currency; and Section 371, conspiracy to commit a violation of Title 18, United States Code, Sections 472 and 473.

3.    The information in this affidavit is based upon my personal knowledge and upon information provided to me by law enforcement officers and others.  Since this affidavit is being submitted for the limited purpose of seeking a Complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that there has been a violation of Title 18, United States Code, Sections 371, 472 and 473.

4.    This case originated in December 2005, with approximately forty passes of different counterfeit $100 federal reserve notes, all bearing serial number AB59376410T.  The counterfeit was passed between 12/6/05 and 4/4/06 in Western New York, to include Buffalo, Grand Island, Blasdell, Amherst, Cheektowaga, Niagara Falls, Orchard Park, and Tonawanda.  The counterfeit notes were produced by bleaching genuine five-dollar notes and printing one hundred-dollar counterfeit notes on the genuine currency paper. (Exhibit A).  The notes appear as $100 federal reserve notes, but, when examined, display security features of genuine five-dollar notes, to include an inscribed security thread displaying the words "USA FIVE" and Abraham Lincoln in the water mark, instead of Benjamin Franklin, which

2

can be seen from both sides of the note. Color shifting ink, which is present on the number 100 on genuine notes, which, when tilted, changes color from copper to green, is absent on the counterfeit notes.

5.   On 7/10/06, I received information from the Town of Hamburg Police Department that counterfeit $100 federal reserve notes had been passed at the BJ's Plaza on McKinley Drive, Hamburg, NY.   The stores that were victimized included Subway, DOTS, Party City, and Office Max.   I subsequently examined the four notes, all bearing serial number DC22744736A, and they displayed the same counterfeit characteristics of the bleached genuine five-dollar notes described above, with the exception of the serial number.

6.   On 7/12/06, the Town of Hamburg Police Department advised that four counterfeit $100 federal reserve notes had been passed at Blasdell Pizza, Kwik Fill, Sweet Spot and Tim Horton's, in the Town of Hamburg, New York.   The counterfeit notes had the same characteristics as stated above, bearing serial number DC22744736A, with the exception of the Tim Horton's note, which bore serial number AB30477969M.   The pass at Kwik Fill was unsuccessful after the cashier became suspicious and asked for

3

identification.    The individual produced an Illinois Driver's
Identification in the name of Derrick HENDRICKS.


    7.    On 7/13/06, Town of Tonawanda Police contacted the
United States Secret Service, Buffalo Field Office to advise that
they had DARRELL LIVINGSTON ("LIVINGSTON") AND DERRICK HENDRICKS
("HENDRICKS") in custody.    LIVINGSTON and HENDRICKS had attempted
to pass a counterfeit $100 Federal Reserve note at Mighty Taco on
Sheridan Drive in Tonawanda, New York.    Two additional notes were
discovered in the suspects' vehicle, a 2006 Ford Fusion,
belonging to Norbert Collins, HENDRICKS' father. A subsequent
cavity search of LIVINGSTON revealed an additional 14 counterfeit
$100 notes, for a total of eighteen (18) counterfeit $100 notes.
All of the notes had serial number AB3047796M or serial number
DC22744736A and displayed the same counterfeit characteristics as
seen previously in this investigation.


    8.    HENDRICKS was interviewed shortly after his arrest on
7/13/06 by U.S. Secret Service and Town of Tonawanda Detectives.
HENDRICKS admitted that he knew the notes were counterfeit, and
he thought they were good quality.    HENDRICKS further stated that
he had been at Montana's Steakhouse, Mighty Taco and NOCO with


4

LIVINGSTON.   He said that he drove LIVINGSTON in his father's 2006 Ford Fusion.


9.   LIVINGSTON was also interviewed shortly after his arrest on 7/13/06 by U.S. Secret Service and Town of Tonawanda Detectives.   LIVINGSTON, who resides in the Chicago, Illinois area, admitted to passing approximately twenty (20) to twenty-five (25) counterfeit notes during his current stay in the Buffalo, New York area.   LIVINGSTON said that he was driven to stores and restaurants by HENDRICKS and given one note at a time to pass, returning the genuine change to HENDRICKS.   LIVINGSTON said that HENDRICKS and another promised him approximately one-third of the money that he made for passing the counterfeit money, but that he had not yet been paid for this current trip to Buffalo, New York to pass counterfeit.   LIVINGSTON recalled being in Niagara Falls, and the McKinley Mall, Hamburg, NY.   LIVINGSTON further admitted to passing approximately thirty (30) counterfeit notes during a stay in Buffalo that originated in December 2005. LIVINGSTON said that HENDRICKS and another person were with him on both trips to Buffalo, NY.   LIVINGSTON was arrested at Midway Airport in Chicago upon his return for passing counterfeit $100 federal reserve notes.

5

10. Based on the foregoing, I respectfully submit that DARRELL LIVINGSTON and DERRICK HENDRICKS have violated Title 18, United States Code, Sections 371, 472 and 473.

_____
CINDY C. MAJEWSKI, Special Agent
United States Secret Service


Sworn to and subscribed to before

me this 18th day of July 2006.


_____
HONORABLE HUGH B. SCOTT
United States Magistrate Judge

6

# EXHIBIT A





IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA            :

                                    :           06  CR  411/4

          -v-                       :           06-CR-

DARRELL LIVINGSTON,                 :           FILED

                    Defendant.      :           NOV 16 2006

                                             CLERK, US DISTRICT COURT, WDNY

## INFORMATION

### (Title 18, United States Code, Section 472)

### COUNT I

### The United States Attorney Charges

In about July 2006, in the Western District of New York, the
defendant, DARRELL LIVINGSTON, with intent to defraud did pass,
attempt and keep in his possession and conceal counterfeited and
altered obligations of the United States, knowing that such
obligations were counterfeited and altered.

Jane D Kellogg

11-16-06

All in violation of Title 18, United States Code, Section 472.

DATED:    Buffalo, New York, *Nov 16* ,2006

TERRANCE P. FLYNN
United States Attorney

BY:    TRINI E. ROSS
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 805
Trini.E.Ross@usdoj.gov

HIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA          :

                                  :

            -v-                   :

DARRELL LIVINGSTON,               :

                  Defendant.      :    06-CR-

                                  :

06 CR 411/7

## PLEA AGREEMENT

The defendant, DARRELL LIVINGSTON, and the United States
Attorney for the Western District of New York (hereinafter "the
government") hereby enter into a plea agreement with the terms and
conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead
guilty to a one-count Information charging a violation of Title 18,
United States Code, Section 472 (knowingly passing and attempting
to pass altered obligations or securities of the United States),
which carries a maximum possible sentence of a term of imprisonment
of 20 years, a fine of $250,000, or both, a mandatory $100 special
assessment and a term of supervised release of up to 3 years.   The
defendant understands that the penalties set forth in this
paragraph are the maximum penalties that can be imposed by the
Court at sentencing.

2.    The defendant understands that the Court must require restitution in the total amount of $7,300.00 to be paid to the entities set forth in the chart (Exhibit A) attached hereto as part of the sentence pursuant to Sentencing Guidelines §5E1.1 and Title 18, United States Code, Section 3663A.

3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years for B felony, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.    SENTENCING GUIDELINES

4.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### ELEMENTS OF THE CRIME

5.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> (a) that the defendant passed, uttered or attempted to pass or utter a counterfeit obligation of the United States;
>
> (b) that the defendant knew at the time that the obligation was counterfeit or altered; and
>
> (c) that the defendant acted willfully and with the intent to defraud.

### FACTUAL BASIS

6.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a) In or about July 2006, in the Western District of New York, the defendant knowingly passed a number of counterfeit $100.00 federal reserve notes and attempted to pass additional counterfeit notes.
>
> b) As set forth in Exhibit A, the defendant on the dates and at the locations indicated, attempted to pass, and did successfully pass, counterfeit $100 bills.
>
> c) On or about July 13, 2006, the defendant attempted to pass a counterfeit $100.00 note at Mighty Taco on Sheridan Drive in Tonawanda, New York.

d) On July 13, 2006, the defendant admitted that he knowingly and willfully passed counterfeit notes in the Western District of New York in or about July 2006.

e) The defendant also admitted that he had approximately 14 counterfeit notes secreted in his body cavities which he knew were counterfeit and that he had intended to attempt to pass.

## BASE OFFENSE LEVEL

7.     The government and the defendant agree that Guidelines §2B5.1 applies to the offense of conviction and provides for a base offense level of **9**.

## SPECIFIC OFFENSE CHARACTERISTICS
## USSG CHAPTER 2 ADJUSTMENTS

8.     The government and the defendant agree that the following specific offense characteristic does apply:

§2B5.1(b)(A):   the total loss (including relevant conduct) was in excess of $5,000 (namely, $7,300.00) but less than $10,000 and thus there is a **2** offense level increase.

## ADJUSTED OFFENSE LEVEL

9.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **11**.

## ACCEPTANCE OF RESPONSIBILITY

10.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of **9.**

## CRIMINAL HISTORY CATEGORY

11.   It is the understanding of the government and the defendant that the defendant's criminal history category is **VI.** The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.   It is the understanding of the government and the defendant that, with a total offense level of **9** and criminal history category of **VI**, the defendant's sentencing range would be a term of imprisonment of **21** to **27** months, a fine of $1,000 to $10,000, and a period of supervised release of 2 to 3 years.

Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13.    The government and the defendant agree to recommend that the defendant be sentenced within the Sentencing Guidelines range set forth above.    A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

### III.    STATUTE OF LIMITATIONS

14.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to knowingly passing and attempting to pass altered obligations or securities of the United States which is not time barred as of the date of this agreement.    This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

-6-

## IV.   GOVERNMENT RIGHTS AND RESERVATIONS

15.   At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

16.   The   defendant   understands   that   the   government   has reserved the right to:

> a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning   the   defendant's   background, character   and   involvement   in   the   offense charged,   the   circumstances   surrounding   the charge and the defendant's criminal history;
>
> b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf   that   are   inconsistent   with   the information   and   evidence   available   to   the government; and
>
> c.   modify its position with respect to any sentencing recommendation or sentencing factor under   the   Guidelines   including   criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

17.   At sentencing, the government will move to dismiss the complaint pending against the defendant under Magistrate's No. 06-M-2153.

-7-

18.   The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for knowingly passing and attempting to pass altered obligations or securities of the United States committed in the Western District of New York up to the date of this agreement and about which the defendant has informed the government prior to signing this agreement.

19.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### Waiver of Right to Post Conviction
### DNA Testing of Physical Evidence

20.   The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government.   As a condition of this agreement, the defendant voluntary waives, for all purposes, any right to request DNA testing of any such evidence.

## V. **APPEAL RIGHTS**

21.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the manner in which the Court determines the sentence.   The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I of this agreement.

22.    The   defendant   understands   that   by   agreeing   to   not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the manner

-9-

in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI.   COOPERATION

24.  The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to knowingly passing and attempting to pass altered obligations or securities of the United States.  The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

25.  The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal,

-10-

state and local courts in jurisdictions which have agreed to abide by this agreement.

26.    In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to in any way involving or related to knowingly passing and attempting to pass altered obligations or securities of the United States, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

27.    Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

28.    Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have

-11-

committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines **1 level** as provided for in Guidelines § 5K1.1 which if granted by the Court, would result in a total offense level of **8** and a sentencing range of **18 to 24** months imprisonment.  The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

29.  This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government.  This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

30.  It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes.  It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely.  Should

-12-

the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

31.   In the event the government believes the defendant has violated any of the conditions in the "Cooperation" section of this agreement, then the government may, before or after sentencing, petition the Court to declare that the defendant has breached this agreement and for an order relieving the government of its obligations under this agreement.

32.   Whether or not the defendant has violated any of the conditions of this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

33.  If this agreement is declared breached:

a.    the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.    the government may withdraw any motion filed pursuant to Sentencing Guidelines §5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

c.    the defendant has no right to withdraw the plea of guilty;

d.    the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.    the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.  Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to in any way involving or related to knowingly passing and attempting to pass altered obligations or securities of the United States which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

34.  At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court.  The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement.  In the event the defendant is sentenced prior to the completion of the defendant's

cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines §5K1.1 and/or Title 18, United States Code, Section 3553(e).

35. The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VII.  TOTAL AGREEMENT AND AFFIRMATIONS

36. This plea agreement represents the total agreement between the defendant, DARRELL LIVINGSTON, and the government. There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY:

TRINI E. ROSS
Assistant U. S. Attorney

Dated: November 16, 2006

-15-

I have read this agreement, which consists of 16 pages.  I have had a full opportunity to discuss this agreement with my attorney, Kimberly A. Schechter, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.


_____
DARRELL LIVINGSTON
Defendant


Dated: November 16, 2006


_____
KIMBERLY A. SCHECHTER, Esq.
Attorney for the Defendant

Dated: November 16, 2006

# EXHIBIT A (LIVINGSTON)

| NUMBER | DATE | BUSINESS | ADDRESS | AMOUNT |
|--------|------|----------|---------|--------|
| 1. | 7/11/06 | Sally's Beauty | 2730 Niagara Falls Blvd. | $100 |
| 2. | 7/10/06 | DOTS | 4408 Milestrip Rd., BJ's Plaza, Hamburg | $100 |
| 3. | 7/10/06 | Subway | BJ's Plaza, Hamburg | $100 |
| 4. | 7/10/06 | Party City | BJ's Plaza, Hamburg | $100 |
| 5. | 7/10/06 | Office Max | BJ's Plaza, Hamburg | $100 |
| 6. | 7/10/06 | Amvets | 1833 Elmwood | $100 |
| 7. | 7/10/06 | Andersons | 2369 Niagara Falls Blvd., Amherst | $100 |
| 8. | 7/10/06 | Blockbuster | 2352 Delaware | $100 |
| 9. | 7/10/06 | Louis Red Hots | | $100 |
| 10. | 7/11/06 | Eckerd 5940 | Grand and Ferry Location | $100 |
| 11. | 7/11/06 | SUNOCO | 5215 Sheridan, Williamsville | $100 |
| 12. | 7/12/06 | Dynamic Doughnuts of Tonawanda, Inc. | 4225 Genesee St., Cheektowaga | $100 |
| 13. | 7/11/06 | Cameron's 24 hr. Conv. Store | 1054 Elmwood Ave., Tonawanda | $100 |
| 14. | 7/11/06 | Rite Aid | 2865 Elmwood Ave., Tonawanda | $100 |
| 15. | 7/11/06 | Maybeck's Food Shop | 1598 Niagara Falls Blvd., Tonawanda | $100 |
| 16. | 7/12/06 | McDonalds | 1385 Niagara Falls Blvd., Amherst | $100 |

# EXHIBIT A (LIVINGSTON)

| NUMBER | DATE | BUSINESS | ADDRESS | AMOUNT |
|--------|------|----------|---------|--------|
| 17. | 7/12/06 | Rite Aid #1869 | 756 E. Delavan Ave., Buffalo | $100 |
| 18. | 7/12/06 | James Savage | 160 Zimmerman Blvd., Buffalo | $100 |
| 19. | 7/12/06 | Save-A-Lot | 1740 Pine Ave., Niagara Falls | $100 |
| 20. | 7/12/06 | Wendy's | Elmwood Ave., Buffalo | $100 |
| 21. | 7/12/06 | Wilson Farms 360 | 1504 Pine Ave., Niagara Falls | $100 |
| 22. | 7/12/06 | Wilson Farms | 18 Pierce Ave., Hamburg | $100 |
| 23. | 7/12/06 | Dominos Pizza | 5 Lake Street, Hamburg | $100 |
| 24. | 7/12/06 | Blasedell Pizza | Southwestern Blvd, Hamburg | $100 |
| 25. | 7/12/06 | Koz's Pizza | 507 Sunset Dr. Hamburg | $100 |
| 26. | 7/12/06 | Subway | 5559 Camp Rd., Hamburg | $100 |
| 27. | 7/12/06 | Tim Horton's | Southwestern Blvd., Hamburg | $100 |
| 28. | 7/12/06 | Sweet Spot | Southwestern Blvd., Hamburg | $100 |
| 29. | 7/12/06 | Kwik Fill | 4909 Southpark Ave.,/Rt. 20, Hamburg | $100 |
| 30. | 7/12/06 | John's Pizza & Subs | 1436 Niagara Falls Blvd., Tonawanda | $100 |
| 31. | 7/12/06 | Mighty Taco | 2309 Eggert Rd., Tonawanda | $100 |

2

# EXHIBIT A (LIVINGSTON)

| NUMBER | DATE | BUSINESS | ADDRESS | AMOUNT |
|---|---|---|---|---|
| 32. | 7/12/06 | NOCO Express Shop | 2596 Sheridan Dr. Tonawanda | $100 |
| 33. | 7/12/06 | Montana's Steak House | Niagara Falls Blvd., Tonawanda | $100 |
| 34. | 7/13/06 | Applebee's | 1641 Niagara Falls Blvd., Amherst | $100 |
| 35. | 7/13/06 | Burlington Coat Factory | 2001 Walden Ave., Cheektowaga | $100 |
| 36. | 7/13/06 | Dollar Tree | 3701 McKinley Pkwy., Buffalo | $100 |
| 37. | 7/13/06 | Franco's Pizza | 2308 Niagara Falls Blvd., Tonawanda | $100 |
| 38. | 7/13/06 | J R Holcomb & Company | 1551 Niagara Falls Blvd., Amherst | $100 |
| 39. | 7/13/06 | Rite Aid | 2315 William St., Cheektowaga | $100 |
| 40. | 7/13/06 | Sonoma Grill | 2495 Main St., Ste. 201, Buffalo | $100 |
| 41. | 7/14/06 | CED Entertainment | 4441 W. Airport Fwy., Irving | $100 |
| 42. | 7/14/06 | Family Dollar #895 | 459 William St., Buffalo | $100 |

# EXHIBIT A (LIVINGSTON)

| NUMBER | DATE | BUSINESS | ADDRESS | AMOUNT |
|--------|------|----------|---------|--------|
| 43. | 7/14/06 | Wilson Farms 770 | 1060 Niagara Falls Blvd., North Tonawanda | $100 |
| 44. | 7/13/06 | Seized from Darrell Livingston's BC | | $1,400 |
| 45. | 7/13/06 | Seized from Darrell Livingston's BC | | |
| 46. | 7/14/06 | Sears | McKinley Mall, Hamburg | $100 |
| 47. | 7/17/06 | Verizon | 4154 McKinley Pkwy., Hamburg | $100 |
| 48. | 7/17/06 | Walgreens | 2601 Sheridan Ave., Tonawanda | $100 |
| 49. | 7/17/06 | Wilson Farms 323 | 304 S. Elmwood Ave., Buffalo | $100 |
| 50. | 7/17/06 | Wilson Farms 337 | 1202 Niagara Falls Blvd., Tonawanda | $100 |
| 51. | 7/19/06 | IRR Supply Centers, Inc. | 908 Niagara Falls Blvd., North Tonawanda | $100 |
| 52. | 7/19/06 | J.H. Wattles | | $100 |
| 53. | | Dollar General | 1843 Elmwood Ave., Buffalo | $100 |
| 54. | | Holcomes | | $100 |
| 55. | | Metro Food Mart | Fillmore Ave., 14206 | $100 |
| 56. | | Pizza Hut | | $100 |
| 57. | | Quizno's | | $100 |

# EXHIBIT A (LIVINGSTON)

| NUMBER | DATE | BUSINESS | ADDRESS | AMOUNT |
|---|---|---|---|---|
| 58. | | Tim Horton's | Erie Ave., North Tonawanda | $100 |
| 59. | | Walmart | Hamburg | $100 |
| 60. | | Lowes | 1659 Niagara Falls Blvd., Amherst | $100 |

5

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

WESTERN                     District of                     NEW YORK

UNITED STATES OF AMERICA
**V.**

DONTE LIVINGSTON
A.K.A. Darrell Livingston

## JUDGMENT IN A CRIMINAL CASE

Case Number:         1:06CR00411-001

USM Number:          15108-055

Kimberly A. Schechter
Defendant's Attorney

### THE DEFENDANT:

☒ pleaded guilty to count(s)     I

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §472 | Knowingly Passing and Attempting to Pass Altered Obligations or Securities of the United States | 07/13/06 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Criminal Complaint (06-M-2153) is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 7, 2007
Date of Imposition of Judgment

_Signature of Judge_

Richard J. Arcara, Chief U.S. District Judge
Name and Title of Judge

_____ 15, 2007
Date

ATTEST A TRUE COPY
U.S. DISTRICT COURT W/D N.Y.
RODNEY C. EARLY, CLERK

By _____
        Clerk

Original Filed   3-16-07

AO 245B    (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

#12229 DLR/jes

Judgment — Page    2    of    6

DEFENDANT:        DONTE LIVINGSTON
CASE NUMBER:      1:06CR00411-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    22 months.  The cost of incarceration fee is waived.

*Pursuant to 18:3664(n), if the defendant is obligated to provide restitution or a fine is owed and he receives resources from any source, including inheritance, settlement (insurance, lawsuit), or other judgment during a period of incarceration, he shall be required to apply the value of such resources to any outstanding restitution or fine.*

☒    The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant's sentence be served as close to Chicago, Illinois as possible.

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m.  ☐ p.m.   on _____ .

☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐    before 2 p.m. on _____ .

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
      Sheet 3 — Supervised Release

#12229 DLR/jes

| | | Judgment—Page | 3 | of | 6 |

DEFENDANT:    DONTE LIVINGSTON
CASE NUMBER:    1:06CR00411-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    3 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒  The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

#12229 DLR/jes

Judgment—Page    4    of    6

DEFENDANT:    DONTE LIVINGSTON
CASE NUMBER:    1:06CR00411-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, to include urinalysis and other testing. Details of such testing to be approved by the U.S. Probation Office. If substance abuse is indicated by testing, the defendant is to complete a drug/alcohol evaluation and enter into any treatment as deemed necessary by the U.S. Probation Office and/or the Court. The defendant is not to leave treatment until discharge is agreed to by the U.S. Probation Office and/or the Court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. The U.S. Probation Office is authorized to release pre-sentence and post-sentence financial information submitted by the defendant to the U.S. Attorney's Office for use in the collection of any unpaid fine or restitution. If restitution or a fine is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse his interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

While a restitution balance is outstanding, the defendant shall not incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties

#12229 DLR/jes

Judgment — Page ___5___ of ___6___

DEFENDANT:        DONTE LIVINGSTON
CASE NUMBER:      1:06CR00411-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 5,800 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Refer to attached victim list | $5,800.00 | $5,800.00 |  |
| **TOTALS** | $ 5,800.00 | $ 5,800.00 |  |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒  the interest requirement is waived for the  ☐  fine  ☒  restitution.

    ☐  the interest requirement for the  ☐  fine  ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

#12229 DLR/jes

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT:       DONTE LIVINGSTON
CASE NUMBER:     1:06CR00411-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance     ☐ C,  ☐ D,  ☐ E, or  ☒ F below; or

B  ☒  Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or   ☒ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay a special assessment of $100, which shall be due immediately. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court, Attention: Finance, Room 304, United States Courthouse, 68 Court Street, Buffalo, New York 14202.

Pursuant to 18 U.S.C. §3663A, it is ordered that the defendant make restitution to the victims in the amount of $5,800. The restitution is due immediately. Interest on the restitution is waived. Restitution will be joint and several with Derrick Hendricks (1:06CR00403-001) and Norbert Phillips (1:06M02154-001) and any other defendant(s), convicted in this case or any related case, who share the same victim(s) and losses. While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. §3664(f)(2), while on supervised release, the defendant shall make monthly payments at the rate of 10% of monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Derrick Hendricks (1:06CR00403) and Norbert Phillips (1:06M02154-001) - $5,800.00

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 1
Case 1:08-cr-00163   Document 2   Filed 08/11/2008   Page 49 of 54

#12229 DLR/jes

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

| WESTERN | District of | NEW YORK |

UNITED STATES OF AMERICA

**V.**

DONTE LIVINGSTON A.K.A. Darrell Livingston

**Date of Original Judgment:** March 7, 2007
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☒ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

## AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number:        1:06CR00411-001

USM Number:        15108-055

Kimberly A. Schechter
Defendant's Attorney

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or
    ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☒ pleaded guilty to count(s)   I

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §472 | Knowingly Passing and Attempting to Pass Altered Obligations or Securities of the United States | 07/13/06 | |

        The defendant is sentenced as provided in pages 2 _____ 6 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Criminal Complaint (06-M-2153) is dismissed on the motion of the United States.

        It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 9, 2007
Date of Imposition of Judgment

Signature of Judge

Richard J. Arcara, Chief U.S. District Judge
Name and Title of Judge

July 19, 2007
Date

ATTEST A TRUE COPY
U.S. DISTRICT COURT, W/D/NY
RODNEY C. EARLY, CLERK

By _____ Jane D. Kellogg _____
            Clerk

Original Filed _____ 7-20-07 _____

DEFENDANT:         DONTE LIVINGSTON A.K.A. Darrell Livingston
CASE NUMBER:       1:06CR00411-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:     18 months* The cost of incarceration fee is waived.
*Pursuant to 18:3664(n), if the defendant is obligated to provide restitution or a fine is owed and he receives
resources from any source, including inheritance, settlement (insurance, lawsuit), or other judgment during a
period of incarceration, he shall be required to apply the value of such resources to any outstanding restitution or
fine.*

☒ The court makes the following recommendations to the Bureau of Prisons:
   The Court recommends that the defendant's sentence be served as close to Chicago, Illinois as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


                                              _____
                                                 UNITED STATES MARSHAL

                                          By _____
                                                DEPUTY UNITED STATES MARSHAL

AO 245C  (Rev. 12/03) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

#12229 DLR/jes
(NOTE: Identify Changes with Asterisks (*))

Case 1:06-cr-00168   Document 2   Filed 03/11/2008   Page 51 of 54
Judgment—Page __3__ of __6__

DEFENDANT:     DONTE LIVINGSTON A.K.A. Darrell Livingston
CASE NUMBER:   1:06CR00411-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        DONTE LIVINGSTON A.K.A. Darrell Livingston
CASE NUMBER:      1:06CR00411-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, to include urinalysis and other testing. Details of such testing to be approved by the U.S. Probation Office. If substance abuse is indicated by testing, the defendant is to complete a drug/alcohol evaluation and enter into any treatment as deemed necessary by the U.S. Probation Office and/or the Court. The defendant is not to leave treatment until discharge is agreed to by the U.S. Probation Office and/or the Court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. The U.S. Probation Office is authorized to release pre-sentence and post-sentence financial information submitted by the defendant to the U.S. Attorney's Office for use in the collection of any unpaid fine or restitution. If restitution or a fine is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse his interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

While a restitution balance is outstanding, the defendant shall not incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office.

- AO 245C. (Rev. 12/03) Amended Judgment in a Criminal Case
    Sheet 5 — Criminal Monetary Penalties

#12229 DLR/jes
(NOTE: Identify Changes with Asterisks (*))

Case 1:08-cr-00163    Document 2    Filed 03/11/2008    Page 53 of 54

Judgment — Page   5   of   6

**DEFENDANT:**      DONTE LIVINGSTON A.K.A. Darrell Livingston
**CASE NUMBER:**    1:06CR00411-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 5,800 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Refer to attached victim list | $5,800.00 | $5,800.00 | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ 5,800.00 | $ 5,800.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☒ the interest requirement is waived for the    ☐ fin    ☒ restitution.

     ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DONTE LIVINGSTON A.K.A. Darrell Livingston
CASE NUMBER: 1:06CR00411-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or

   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐F below; or

B ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

   The defendant shall pay a special assessment of $100, which shall be due immediately. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court, Attention: Finance, Room 304, United States Courthouse, 68 Court Street, Buffalo, New York 14202.

   Pursuant to 18 U.S.C. §3663A, it is ordered that the defendant make restitution to the victims in the amount of $5,800. The restitution is due immediately. Interest on the restitution is waived. Restitution will be joint and several with Derrick Hendricks (1:06CR00403-001) and Norbert Phillips (1:06M02154-001) and any other defendant(s), convicted in this case or any related case, who share the same victim(s) and losses. While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. §3664(f)(2), while on supervised release, the defendant shall make monthly payments at the rate of 10% of monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
   Derrick Hendricks (1:06CR00403) and Norbert Phillips (1:06M02154-001) - $5,800.00

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.